UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: |
| SSI LIQUIDATION, INC. | 16-80558 |
| DEBTOR | CHAPTER 7 |
| JAMES B. ANGELL, CHAPTER 7 TRUSTEE FOR SSI LIQUIDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> CARRBORO CAPITAL CORPORATION, LLC and TRYON CAPITAL VENTURES, LLC, <br><br> Defendants. | ADVERSARY PROCEEDING <br><br> NO.: _____ |

**COMPLAINT FOR THE AVOIDANCE AND RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547, 548 AND 550**

NOW COMES James B. Angell, Chapter 7 Trustee for SSI Liquidation, Inc., by and through undersigned counsel, and complaining of Carrboro Capital Corporation, LLC ("Carrboro Capital") and Tryon Capital Ventures, LLC ("Tryon Capital") (collectively, the "Defendants"), alleges and says as follows:

**PARTIES, VENUE AND JURISDICTION**

1. On June 24, 2016 (the "Petition Date"), SSI Liquidation, Inc. f/k/a Southern Season, Inc. (the "Debtor") filed a Chapter 11 bankruptcy petition in this Court.

2. On September 8, 2017, the Debtor's case was converted to one under Chapter 7 and James B. Angell was appointed Chapter 7 Trustee ("Plaintiff" or "Trustee").

3. Carrboro Capital is a company organized and existing under the laws of the state of North Carolina.

4. Tryon Capital is a company organized and existing under the laws of the state of North Carolina.

5. At all times relevant to this Complaint, W. Clay Hamner ("Hamner") was the Chief Executive Officer of the Debtor.

6. At all times relevant to this Complaint, Hamner was a Manager of Carrboro Capital.

7. The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

9. This proceeding is a statutorily core proceeding under 28 U.S.C. §157(b)(2)(A),(F),(H).

10. This Court has constitutional authority to hear and finally determine this proceeding. In the event the Court does not otherwise have constitutional authority, the Trustee consents to this Court's jurisdiction to finally determine this matter.

## BACKGROUND

11. On information and belief, the Defendants procured or provided financing to the Debtor.

12. During the one year period preceding the Petition Date, the Debtor made multiple payments to Carrboro Capital (the "Carrboro Capital Transfers") in the total amount of at least $29,214.00, including but not limited to the following:

| Date of Payment | Check # | Account | Amount |
| --- | --- | --- | --- |
| 4/04/2016 | 5773 | x8104 | $2,100.00 |
| 4/13/2016 | 5829 | x8104 | $ 400.00 |
| 5/03/2016 | 6312 | x8104 | $3,500.00 |
| 6/03/2016 | 6705 | x8104 | $2,000.00 |

13. During the one year period preceding the Petition Date, the Debtor made multiple payments to Tryon Capital (the "Tryon Capital Transfers") in the total amount of at least $17,095.00.

14. The Tryon Capital Transfers were made on or about December 3, 2015, March 9, 2016 and March 2016.

## FIRST CLAIM FOR RELIEF
11 U.S.C. §§ 547, 550 – Carrboro Capital

15. The allegations in this Complaint are incorporated by reference herein.

16. The Carrboro Capital Transfers constitute the transfer of an interest of the Debtor

in property.

17. The Carrboro Capital Transfers were made with funds from the Debtor's bank account.

18. The Carrboro Capital Transfers were made to or for the benefit of a creditor, Carrboro Capital.

19. At the time of the Carrboro Capital Transfers, the Debtor was indebted to Carrboro Capital.

20. The Carrboro Capital Transfers were made for or on account of an antecedent debt owed by the Debtor before the Carrboro Capital Transfers were made.

21. The Carrboro Capital Transfers were applied toward a debt outstanding at the time of the Carrboro Capital Transfers in an amount at least equal to the amount of the Carrboro Capital Transfers.

22. Carrboro Capital was an insider of the Debtor, which shared common officers.

23. The Debtor was insolvent at the time of the Carrboro Capital Transfers.

24. According to the Debtor's bankruptcy schedules, the Debtor owned assets worth $9,820,070.14 and had liabilities of $18,332,884.65 on the Petition Date.

25. The Debtor's liabilities exceeded its assets at all times during the 90-day period preceding the Petition Date.

26. As a result of the Carrboro Capital Transfers, Carrboro Capital received more than it would have received if the Carrboro Capital Transfers had not been made and the Debtor had filed a Chapter 7 case.

27. The amount of claims against the bankruptcy estate exceeds its assets, such that distributions to unsecured creditors, if any, would be less than the amount of creditors' claims.

28. The Carrboro Capital Transfers are recoverable from Carrboro Capital for the benefit of the estate.

## SECOND CLAIM FOR RELIEF
11 U.S.C. §§ 544, 548, 550; N.C. Gen. Stat. § 39-23.1 *et seq.* – Carrboro Capital
(In the Alternative)

29. The allegations in this Complaint are incorporated by reference herein.

30. The Carrboro Capital Transfers are avoidable as fraudulent transfers.

31. The Carrboro Capital Transfers were made for less than reasonably equivalent value.

32. The Debtor did not receive value in exchange for the Carrboro Capital Transfers.

33. The Debtor was insolvent at the time of the Carrboro Capital Transfers.

34. The Debtor's liabilities exceeded its assets at the time of the Carrboro Capital Transfers.

35. The Debtor was unable to pay its debts as they came due at the time of the Carrboro Capital Transfers.

36. The Debtor had substantial past due obligations owed to many of its vendors for which it was unable to make timely payment at the time of the Carrboro Capital Transfers.

37. The Debtor was engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital.

38. The Debtor intended to incur, or believed it would incur, debts beyond its ability to pay as such debts matured.

39. The Carrboro Capital Transfers are recoverable for the benefit of the estate.

### THIRD CLAIM FOR RELIEF
11 U.S.C. §§ 547, 550 – Tryon Capital

40. The allegations in this Complaint are incorporated by reference herein.

41. The Tryon Capital Transfers constitute the transfer of an interest of the Debtor in property.

42. The Tryon Capital Transfers were made with funds from the Debtor's bank account.

43. The Tryon Capital Transfers were made to or for the benefit of a creditor, Tryon Capital.

44. At the time of the Tryon Capital Transfers, the Debtor was indebted to Tryon Capital.

45. The Tryon Capital Transfers were made for or on account of an antecedent debt owed by the Debtor before the Tryon Capital Transfers were made.

46. The Tryon Capital Transfers were applied toward a debt outstanding at the time of the Tryon Capital Transfers in an amount at least equal to the amount of the Carrboro Capital Transfers.

47. On information and belief, the Tryon Capital Transfers paid down an antecedent debt related to travel expenses.

48. According to Part 4 of the Debtor's Statement of Financial Affairs, Tryon Capital was an insider of the Debtor.

49. On information and belief, the Debtor and Tryon Capital shared one or more officers.

50. The Debtor was insolvent at the time of the Tryon Capital Transfers.

51. According to the Debtor's bankruptcy schedules, the Debtor owned assets worth $9,820,070.14 and had liabilities of $18,332,884.65 on the Petition Date.

52. The Debtor's liabilities exceeded its assets at all times during the 90-day period preceding the Petition Date.

53. As a result of the Tryon Capital Transfers, Tryon Capital received more than it would have received if the Tryon Capital Transfers had not been made and the Debtor had filed a Chapter 7 case.

54. The amount of claims against the bankruptcy estate exceeds its assets, such that distributions to unsecured creditors, if any, would be less than the amount of creditors' claims.

55. The Tryon Capital Transfers are recoverable from Tryon Capital for the benefit of the estate.

## FOURTH CLAIM FOR RELIEF
11 U.S.C. §§ 544, 548, 550; N.C. Gen. Stat. § 39-23.1 *et seq.* – Tryon Capital
(In the Alternative)

56. The allegations in this Complaint are incorporated by reference herein.

57. The Tryon Capital Transfers are avoidable as fraudulent transfers.

58. The Tryon Capital Transfers were made for less than reasonably equivalent value.

59. The Debtor did not receive value in exchange for the Tryon Capital Transfers.

60. The Debtor was insolvent at the time of the Tryon Capital Transfers.

61. The Debtor's liabilities exceeded its assets at the time of the Tryon Capital Transfers.

62. The Debtor was unable to pay its debts as they came due at the time of the Tryon

Capital Transfers.

63. The Debtor had substantial past due obligations owed to many of its vendors for which it was unable to make timely payment at the time of the Tryon Capital Transfers.

64. The Debtor was engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital.

65. The Debtor intended to incur, or believed it would incur, debts beyond its ability to pay as such debts matured.

66. The Tryon Capital Transfers are recoverable for the benefit of the estate.

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. For judgment in his favor on behalf of the bankruptcy estate against Carrboro Capital Corporation, LLC in the total amount of at least $29,214.00, to be proven at trial;

2. For judgment in his favor on behalf of the bankruptcy estate against Tryon Capital Ventures, LLC in the total amount of at least $17,905.00, to be proven at trial;

3. That the costs of this action be charged to the Defendants, and

4. For such other and further relief as the Court deems just and proper.

DATED: September 7, 2018

/s/Nicholas C. Brown
James B. Angell
NC State Bar No.: 12844
Nicholas C. Brown
NC State Bar No.: 38054
Howard, Stallings, From, Atkins,
Angell & Davis, P.A.
P.O. Box 12347
Raleigh, North Carolina 27605
Telephone (919) 821-7700
Facsimile (919) 821-7703
*Attorneys for the Trustee*